UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Etta K. Earls, | : | Case No. 1:09CV1465 |
| | : | |
| Plaintiff | : | Judge Lesley Wells |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

   This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claims for disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in her favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

   Plaintiff applied for benefits on November 24, 2003, alleging an onset date of September 12, 2003.  In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "pin in right ankle, hernia (stomach), forgetfulness, lower back sprain, bersitus [sic] in right arm, hernia in right upper stomach muscle, skin lesions, depression" and "not able to complete, concentrate, does not fit in socially, skin lesions, pin in right

ankle causing problems/discomfort now."

Upon denial of plaintiff's claims on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on January 8, 2008. Also testifying at that proceeding were a medical expert, Dr. Robert Newman, and a vocational expert, Mr. Bruce Holderead.

On January 24, 2008 the ALJ entered his opinion denying plaintiff's claims. That decision became defendant's final determination upon denial of review by the Appeals Council on May 13, 2009.[1] The ALJ's "Findings of Fact and Conclusions of Law" were:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since September 12, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b0 and 416.971 *et seq*.).

3. The claimant has severe impairments of degenerative disease of the lumbar spine; obesity; fibromyalgia; mood disorder; post-traumatic stress disorder, and alcohol abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The clamant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk for six hours in an eight-hour workday. She can perform simple, routine work with superficial interaction with coworkers and the public. She can not perform work

---

[1] The matter was initially remanded to the ALJ by the Appeals Council on November 25, 2008, based upon an inaudible hearing tape, causing an incomplete record. However, on March 27, 2009 that order was vacated and the request for review reinstated, as an audible recording had been prepared.

        activity that involves negotiation or confrontation.  She can not perform work activity with high production quotas or piece work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 26, 1961 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 12, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

In this Court's opinion there is a fundamental flaw in the ALJ's Finding No. 5 regarding the plaintiff's ability to engage in light work activities, the level necessary to "lift carry, push and pull 20 pounds occasionally and 10 pounds frequently" (albeit one not recognized by plaintiff's counsel), that requires reversal of the defendant's final determination and remand for further proceedings.

Most of the text following Finding No. 5 is devoted to the plaintiff's mental/emotional state.

The only references to the medical evidence bearing upon the plaintiff's physical condition are a recitation of a report from a primary care physician which sheds no light on the plaintiff's functional capacity, the opinion of a consultative physician to which the ALJ gave no weight,

opinions of state agency physicians, to which the ALJ gave no weight, and the following:

> The medical and other evidence shows the claimant's allegations of disabling pain are not fully credible when considered in light of the entirety of the evidence of record. This does not imply the claimant is free of pain. Findings on examination and the limited diagnostic studies in the record are not consistent with the extent of pain alleged. There is no evidence of significant muscle spasm, muscle atrophy, significant motor weakness, or sensory changes.
>
> \* \* \*
>
> Dr. Newman determined the claimant could lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for four to six hours daily. She needed to change positions when needed. She can perform simple, routine work with superficial interaction with coworkers and the public. She can not perform work activity that involves negotiation or confrontation. I have given partial weight to Dr. Newman's assessment. The evidence reveals the claimant's medical treatment and activities of daily living are more consistent with the ability to perform light work activity. The claimant was only diagnosed with fibromyalgia in January 2008.

The difficulty with the former of the above is that there is no evidence deriving from a qualified medical source that the diagnostic studies in the record are not consistent with the plaintiff's pain complaints and/or that evidence of significant muscle spasm, muscle atrophy, motor weakness or sensory changes must be present to substantiate the plaintiff's subjective complaints. On the face of the record this is nothing more than the ALJ exercising "medical expertise" the law does not recognize he possesses.

There are two problems with the latter, the most important being that Dr. Newman did not testify that the plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently. Although the doctor expressed reservations as to whether the plaintiff actually suffers from fibromyalgia, stating that in the absence of evidence of trigger point testing he saw nothing to support the conclusion that she suffers from that disorder other than she had recently been prescribed

a medication that "seems to do quite a bit" for persons suffering from fibromyalgia,[2] he nevertheless testified that he believed that the plaintiff suffers from physically limiting impairments. When asked by the ALJ whether he had an opinion as to the plaintiff's functional capacity since her claimed onset date the doctor testified as follows:

> A. I think probably she could do something of sitting if she were to be—say four to six hours a day if she were allowed to get up and circulate, move around for a few minutes—
>
> Q. You think—
>
> A. —when she needs to.
>
> Q. So do you think that she could—do you think she could do sedentary work, I mean, work an eight-hour day, at least six of it sitting, you know—
>
> A. Yeah.
>
> Q. —with some standing—
>
> A. I—
>
> Q. —and walking?
>
> A. —think so if she weren't—the problem is the depression.
>
> Q. Okay.
>
> A. If that could be treated properly, I think that—
>
> Q. All right.
>
> A. —that's about what she could do.

---

[2] Notwithstanding the doctor's misgivings, the ALJ found that the plaintiff suffers from fibromyalgia (Finding No. 3). His observation that she was only diagnosed with that disorder in January 2008, slightly more than four years after her onset date, would be more meaningful were it not for the fact that a diagnosis of fibromyalgia is often arrived at only after a variety of other possible causes for a patient's problems have been ruled out, even though the disorder existed prior thereto.

Having solicited from the medical expert his opinion that the plaintiff was capable of sedentary work the ALJ then proceeded to pose to the vocational expert questions which assumed an individual of the plaintiff's personal/vocational profile who was capable of light work. "By that I mean, specifically they could lift up to 20 pounds occasionally and carry the same amount, lift and carry, could lift and carry 10 pounds frequently, could stand for six hours, could walk for six hours and could sit for at least six hours out of a workday"—with further non-exertional limitations. Mr. Holderead stated that such an individual could work as a housekeeper, a mail clerk, and a router, identifying each of those jobs as being at the light level. In the body of his decision under Finding No. 10 it was those jobs which the ALJ found the plaintiff capable of performing.

Assuming that Dr. Newman's testimony can be interpreted as the plaintiff being able to lift and carry ten pounds occasionally and less than that frequently, the level of sedentary work, see 20 C.F.R. §404.1567, that provides no support for the ALJ's holding that the plaintiff is capable of light work. The ALJ's conclusory statement that the plaintiff's "medical treatment and activities of daily living are more consistent with the ability to perform light work activity" without identifying what medical treatment and or activities of daily living[3] he was referring to and how they were more consistent with light work falls far short of a reasoned explanation for discounting Dr. Newman's opinion.

Considering that Dr. Newman was the only medical professional who opined on the plaintiff's residual physical capacity whose opinion the ALJ did not completely reject, this must be viewed as the ALJ impermissibly substituting his medical judgment for that of the doctor.

It is, therefore, recommended that the defendant's final determination be reversed and the

---

[3]This Court is constrained to observe that the plaintiff's testimony as to her life style, i.e., being basically dependent on others for anything requiring physical exertion, is hardly reflective of the ability to engage in light work.

action remanded pursuant to the fourth sentence of §405(g) for further proceedings.[4]

                                                  s/DAVID S. PERELMAN
                                                  United States Magistrate Judge

DATE:    August 30, 2010

## OBJECTIONS

      Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[4] This may well be an instance of winning the battle and losing the war.  If the plaintiff is exertionally capable of sedentary work, given her age and education she would be deemed not disabled under the standards of the Social Security grids, see 20 C.F.R. Part 404, Subpart P, Appendix 2, Table I, Rule 201.27 *et seq.*, unless she suffers from a non-exertional impairment which renders her incapable of all work activities, an issue the ALJ will have to address upon remand.